ANITA GORDON MILBAUER, Plaintiff, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, March 23, 1931.

*Louis Schlefer*, for the plaintiff.

*James L. Quackenbush [C. A. Roszel* of counsel], for the defendant.

PRINCE, J.    This is an action brought by the plaintiff for damages for bodily injuries and the loss of a fur scarf sustained by her while she was a passenger in one of the trains of the defendant subway company.    While the plaintiff was seated in the car, two men near her engaged in a quarrel, and after some loud talking, resorted to physical combat.    One of them, either solely because of the violence of his opponent, or because he was upset by the lurch of the car, was forcibly thrown against the plaintiff, who thereupon became greatly distressed and alarmed, and hastily arose and left the spot.    When the excitement subsided, plaintiff discovered that her silver fox fur piece was missing.    The entire incident, according to the testimony, took place within a minute or a minute and a half, and happened while the train was traveling from one station to the next.

It is not disputed that the express train, consisting of ten cars, was manned by only two guards, neither of whom were on the car in which plaintiff was riding.

Plaintiff ascribes her loss and injury to the negligence of the defendant in failing to provide a sufficient number of guards to protect her from the consequences of the altercation on the part of her two fellow-passengers.

I am of the opinion that from the facts adduced at the trial,

the plaintiff has failed to establish the liability of the defendant. The absence of a guard on the car, while it may have been an imprudent act on the defendant's part, was not the competent producing cause of the plaintiff's loss. The altercation between the two passengers, the impact with the plaintiff, and the loss of the fur piece, in the ensuing turmoil, might well have happened even with the presence of a guard on the platform. There is nothing in the evidence from which we are compelled to conclude that these occurrences were impossible had a guard been stationed on the platform. The physical encounter between the plaintiff's fellow-passengers lasted a very short time. While it lasted long enough to have resulted in the violent contact here complained of, there is no proof that its duration was sufficient to have afforded a guard the opportunity to terminate the encounter by his timely interference before it resulted in injury to the plaintiff.

The facts of this case must be distinguished from one where a passenger is injured in the course of a fight between two fellow-passengers which had been continuing for a period of time without interference on the part of the conductor.

In the case at bar, it is problematical whether a guard, if he were present, could have interfered in time to prevent the result of which the plaintiff complains. The causal connection between the absence of guards and the plaintiff's loss or injury has not, therefore, been established.

Complaint dismissed on the merits.